## JOSEPH BARCLAY, ET AL., v. MASONIC SAVINGS BANK.

**Husband and Wife—Wife's Will.**
> Where by a will a married woman is given real estate, with power to sell the same or dispose of it by will as if a feme sole, and the statute authorizes married women by will to dispose of her separate estate by deed or will, it is not necessary that the husband should consent to a devise by the wife.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

September 26, 1878.

OPINION BY JUDGE PRYOR:

The conveyance by Rose and wife of the 30th of September, 1865, to Mrs. Ronald vests her with full power to dispose of the property in controversy by deed or will. The language of the conveyance is "with full power in the said Ann Elizabeth Ronald to sell the same or dispose of the same by will and testament as if a feme sole." One of the prime objects of the conveyance was to vest her with the right to make such disposition of this property as she saw proper, and her rights to pass the title by last will in such a case was expressly authorized by the statute in force when the devise was made. "A married woman may by will dispose of any estate secured to her separate use by deed or devise, or in the exercise of a written power to make a will." It is not necessary that the husband should consent to a devise by the wife of her separate estate, nor is he to be consulted when she attempts to make such a disposition of property under the exercise of a power conferred on her by the instrument under which she holds it. The husband's consent in neither case is required.

It may be and is doubtless true, as contended by counsel for the appellants, that in cases where the husband is in fact the owner of the property conveyed, or where the consideration paid for it is by reason of the marital relation the money of the husband, the latter may defeat the probate of the will, or have the power canceled; but in this case the wife, in the exercise of the power, devises the estate to the husband. He accepts it by having the will probated, and then

makes a mortgage of the property to secure the payment of his own indebtedness. A complete title was vested in the wife by the conveyance to her with the power to devise it. The devise was made to the husband. He accepts it, and it is now too late for him to question this right of disposition, even if the original consideration for the property moved alone from him, and the right to devise was inserted without his knowledge or consent. Neither the husband nor his children are entitled to the property as against the appellee.

Judgment *affirmed.*

*Lane & Harrison, for appellants.    Russell & Helm, for appellee.*